## ISAAC WINGARD, APPELLANT,

*v.*

## BARBARA JAMESON AND S. M. CLAUGHTON, APPELLEES.

A Court of Equity will sustain a demurrer to a complaint to vacate a judgment at law, unless facts justifying such action appear in the complaint.

APPEAL from Second Judicial District, holding terms at Chehalis.

The appellant, who was plaintiff in the Court below, filed his complaint on January 23, 1885, alleging in substance as follows :

1. That plaintiff was, and for more than ten years last past had been, the owner of the real estate therein described.

2. That during said period he had been continuously in the lawful, peaceable, quiet, undisturbed and actual possession and enjoyment of the same.

3. That such ownership and possession began on March 23, 1873, and that the plaintiff went into possession under an agreement for a deed, the same being his allotment and part of the assets of a certain partnership theretofore existing between the plaintiff and one James L. Jameson, since deceased; and that such possession had been continuous, unbroken, undisturbed, open, notorious, and adverse to defendants and to all other persons.

4. That neither of the defendants nor any of their ancestors, predecessors or grantors were seized or possessed of said real estate at any time within ten years prior to said suit, or at any time since March, 1873.

5. That defendants, *under a certain judgment* rendered by said District Court on January 23, 1884, wherein he was plaintiff and said defendant Barbara Jameson, and one James L. Jameson, were defendants, were about to eject plaintiff from and dispossess him of said premises; and that defendants have no right, title or interest in any portion of said property.

6. That said defendant James L. Jameson died since the rendition of said judgment, and that no other person except these defendants have any interest in said judgment.

7. That defendant Claughton is the sheriff of Lewis County.

8. That plaintiff will be irreparably damaged, if defendants are permitted to eject plaintiff by causing *said judgment to be executed*.

9. That the question of ownership of said *property and title thereto under the Statute of Limitations, and as herein and now presented*, was not put in issue, nor litigated or determined in said cause wherein judgment was rendered, nor was any evidence offered in regard thereto; nor was the title to the property put in issue between any of the parties and tried in said action; nor was any evidence given in regard thereto; but that said action was tried upon other and different issues, and not upon the issues presented in this cause.

10. That the only matters which could have been tried in the cause in which judgment was entered, were the rights growing out of a certain partnership theretofore existing between plaintiff and said James L. Jameson, deceased,

Plaintiff prays for an injunction against defendants in this cause, restraining them perpetually from executing and enforcing said judgment, and otherwise from interfering with plaintiff's enjoyment and possession of said premises.

To this complaint defendants interposed their demurrer, alleging that complaint did not state facts sufficient to constitute a cause of action. The demurrer was sustained by the Court, and plaintiff refusing to amend, and electing to stand by his complaint, judgment was rendered in favor of defendants; and from this judgment the plaintiff has appealed.

*P. P. Carroll*, for Appellant.

It is alleged in the complaint that the matters and things therein set forth were not tried and considered by the Court in the former action; that no evidence was offered or heard by the Court regarding the things set out in the complaint for injunction. Then the question presented on the pleading is, Has appellant the right to be heard at this time in regard to the facts alleged in his complaint? (Bigelow on Estoppel, 3d ed. 44, 45; Id., 48; *Cromwell* v. *Sach*, 94 U. S. 350, 352; Bigelow on Estoppel, 3d ed. 110, 113.)

When a complaint embraces several causes of action, the plaintiff, in a second suit, may show that he " offered " no evidence as to one or more of them, and that the cause was tried upon a different issue. (Bigelow on Estoppel, 3d ed. 114, 115; *Wood* v. *Corl*, 4 Metcalf, Mass. 203; Bigelow on Estoppel, 3d ed. 116, 117, 118; Id., 128, 129, 130 and note; *Brown* v. *Gallan*, det. 80 New York, 413; *LeRoy* v. *Rogers*, 30 California, 230; *Washington etc.*, *Steam Packet* v. *Sickels et al.*, 24 Howard, U. S. 333, 346; *Same* v. *Same*, 5 Wallace, U. S. 580; *Miles* v. *Caldwell*, 2 Id. 35.)

The Legislature, in 1881, changed the law from twenty to ten years, and we contend the latter law controls. (Wood on Limitation, etc., p. 30, (notes 3, 4) 33; *Henry* v. *Thorp*, 14 Alabama, 103; *Martin* v. *Martin*, 35 Id. 560; *Howell* v.

*Howard*, 15 Wisconsin, 55 ; *United States* v. *Ballard*, 3 Mc-Lean, U. S. 469 ; *Forsythe* v. *Ripley*, 2 Greene, Iowa, 181 ; *Gilman* v. *Cutts*, 23 New Hampshire, 376 ; *State* v. *Clark*, 7 Indiana, 468 ; *Noore* v. *Labbin*, 26 Mississippi, 394 ; *Hazlette* v. *Critchfield*, 7 Ohio, part 2, 153 ; *Patterson* v. *Gains*, 6 Howard, U. S. 556 ; *Marston* v. *Seabury*, 3 New Jersey Law, 435 ; *Pritchard* v. *Spencer*, 2 Indiana, 486 ; *Root* v. *Bradley*, 1 Kansas, 430 ; *Walker* v. *Bank of Mississippi*, 7 Arkansas, 500 ; *Phares* v. *Walters*, 6 Iowa, 106 ; *Baldro* v. *Tolmie*, 1 Oregon, 176; *McDonald* v. *Jackson*, 7 Northwestern Reporter, 408; Bishop on the Written Laws, Secs. 86, 87, 126, 127.

*Struve, Haines & McMicken*, for Appellees.

The jurisdiction of equity to stay proceedings at law after judgment is not regarded as a favorite one with Courts of Equity. (1 High on Injunction, 2d ed., Sec. 113 and notes ; *Stillwell* v. *Carpenter*, 59 New York, 414 ; *Slaick* v. *Wood*, 9 Grattan, 40.)

It must clearly appear that the person aggrieved could not avail himself in the former suit of the equities relied upon to enjoin the judgment, or that he was prevented from so doing by accident, mistake or surprise, or by fraud of the adverse party, unmixed with laches or negligence of his own. (*Marine Insurance Co.* v. *Hodgson*, 7 Cranch, 332; *Wingate* v. *Hayward*, 40 New Hampshire, 437 ; *Ableman* v. *Roth*, 12 Wis. Rep. 81; *Little* v. *Price*, 1 Md. Chancery, 182; 1 High on Injunction, 2d ed., Secs. 114, 165 and 196 and notes.

Where the person aggrieved has had his day in Court, and has failed through carelessness or inadvertence to avail himself of the opportunity of interposing his defense, he is barred from enjoining proceedings under the judgment. (*Hendrickson* v. *Hinkley*, 17 Howard, U. S. 443 ; *Emerson* v. *Udal*, 13 Vt. 477 ; *Pettes* v. *Bank of Whitehall*, 17 Vt. 435 ; *Clute* v. *Potter*, 37 Barber, 199 ; *Ewing* v. *Nickle*, 45 Md. 413 ; *Menefee* v. *Meyers*, 33 Texas, 690; *Shields* v. *McClung*, 6 W. Va. 79 ; *Beaudry* v. *Felch*, 47 Cal. 183 ; *Davis* v. *Bayless*, 51 Ia. 435 ; *Lucas* v. *Spencer*, 27 Ill. 15; *Albro* v. *Dayton*, 28 Ill. 325.)

A party cannot split up defenses any more than he can indivisible demands, and present them by piecemeal in successive

suits growing out of the same controversy. (*Beloit* v. *Morgan*, 7 Wallace, 620 ; 3d Pomeroy's Equity Jurisprudence, Sec. 1361 ; *Walter* v. *Robbins*, 14 Howard, U. S. 584 ; *Creath's Admr.* v. *Sims*, 5 Howard, U. S. 332 ; *Bashin* v. *Elkins*, 1 Johnson Chancery, 465 ; *Holmes* v. *Stalder*, 57 Ill. 209 ; *Johnson* v. *Lyon*, 14 Ia. 431 ; *Hinrickson* v. *Van Winkle*, 27 Ill. 334.)

The complaint in this case is insufficient, because it fails to show precisely what was litigated in the former suit. The judgment as pleaded awards possession to defendant Jameson. It cannot be shown in opposition to the record, that a question which appears by it to have been settled was not in fact decided. (*Underwood* v. *French*, 6 Oregon, 66 ; *Armstrong* v. *St. Louis*, 69 Missouri, 309 ; *Fox* v. *Hudson*, 20 Kansas, 246 ; *Fish* v. *Miller*, 20 Texas, 579 ; *Long* v. *Webb*, 24 Minnesota, 380 ; *Graves* v. *White*, 13 Texas, 123.)

The legislative enactment of 1881, in Section 26 of the Code of Washington, changing the statutory period from twenty to ten years, must be construed as to have been intended for prospective effect merely. Under the general rule of construction, a change in the Statute of Limitations does not affect existing causes of action, unless such is the clearly expressed intention of the Legislature. (*Whitman* v. *Hapgood*, 10 Massachusetts, 437 ; *Garfield* v. *Bemis*, 2 Allen, Mass. 445 ; *Jarvis* v. *Jarvis*, 3 Edward's Chancery Reports, 462 ; *People* v. *Supervisors, etc.*, 43 New York, 130 ; *Railroad Company* v. *Van Horn*, 57 New York, 473 ; Hoch's Appeal, 72 Pa. St. 53 ; *Journey* v. *Gibson*, 56 Pa. St. 57 ; *Belvidere* v. *Warren Railroad Company*, 34 New Jersey L. 193 ; *Finney* v. *Ackerman*, 21 Wis. 268 ; *Benjamin* v. *Eldridge*, 50 Cal. 612 ; *Ashbrook* v. *Quarles*, 15 Ben. Mon. 20 ; *Stine* v. *Bennett*, 13 Minn. 153 ; Wood on Limitations, Secs. 11, 12.)

That a prospective operation was intended by the Legislature is evidenced by the fact that the amendment does not give a reasonable time for bringing actions which had accrued at the time of its passage. (*Call* v. *Haggar*, 8 Mass. 430 ; *Osborn* v. *Jaines*, 17 Wis. 573 ; *Society* v. *Wheeler*, 2 Gall. 141 ; *Sohn* v. *Waterson*, 17 Wall. 596.)

Opinion by R. S. GREENE, Chief Justice.

Appellant filed his complaint in the District Court, to enjoin

the execution of a judgment recovered against him by the appellee Jameson, and her husband, now deceased. A general demurrer was interposed by the appellees, as defendants.

The demurrer was sustained, and judgment thereupon duly rendered against the plaintiff.

From the complaint, we find that the appellee Claughton is the Sheriff, holding the execution on the original judgment; and that in the original suit the very same subject matter was litigated that is now sought to be litigated in this; but we do not find any facts set up which would justify a Court of Equity in vacating the result of the former suit, and re-opening any of its issues. A demurrer to such a complaint ought to be sustained. (1 High on Inj., 2d ed., Secs. 114, 165, 166 and notes. *Marine Ins. Co.* v. *Hodgson*, 7 Or. 332; *Hendrickson* v. *Hinckley*, 17 How. U. S. 443.)

The judgment below is affirmed.

We concur :    S. C. WINGARD, Associate Justice.
            GEO. TURNER, Associate Justice.